# CASES

### IN THE

# APPELLATE COURTS OF ILLINOIS.

---

### THIRD DISTRICT—NOVEMBER TERM, 1886.

---

### CHICAGO & ALTON RAILROAD COMPANY

### v.

### CATHARINE KELLY, ADMINISTRATRIX.

*Railroads—Action for Damages for Causing Death—Fellow-Servants—Evidence—Question for Jury—Instructions—Excessive Number—Discretion—Damages—Whether Excessive.*

1. In an action against a railroad company to recover damages for causing the death of the plaintiff's intestate, the question whether at the time of the injury the deceased and the train men were so co-operating in a particular business for a common master as to bring them within the rule governing fellow-servants, is one of fact to be found by the jury under proper instructions.

2. In the case presented, it is *held:* That the evidence was such as to require that the instructions should clearly and fairly state the rule of law to be applied; that one of the instructions, in effect, took the question of fellow-servants from the jury; that there was no abuse of discretion in the refusal of the court to pass upon an excessive number of instructions asked; that objections to certain questions put to jurors, touching their inclination if the evidence should be equally balanced, were properly sustained; and that objections to the admission of certain testimony and that the allowance of $2,500 was excessive, are not well taken.

3. The trial court may, in its discretion, place a limit upon the number of instructions it will consider.

### [Opinion filed February 17, 1887.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. FIFER & PHILLIPS and WILLIAMS & CAPEN, for appellant.

Messrs. STEVENSON & EWING, for appellee.

*Per Curiam.* Regarding the merits only, the more important and controverted questions of fact are whether the deceased was guilty of contributory negligence and whether he and the train men were fellow-servants.

It can hardly be doubted that the proximate cause of the injury was the manner of making the switch, and that this, under the circumstances, was so dangerous as to constitute negligence, and we are of opinion there is enough in the record to support the verdict so far as it implies that the deceased exercised ordinary care.

Whether the deceased and the train men were fellow-servants within the meaning of the term as it is here employed and as settled by the ruling of the Supreme Court, was a question of fact to be found by the jury under proper instructions.

We regard this the main point in controversy, and as the case must be again tried, we express no opinion upon it. The evidence on this point is such as to require that the instructions should clearly and fairly state the rule of law to be applied.

The seventh instruction for plaintiff, in effect, took the question of fellow-servants, or not, from the jury. It placed undue stress upon the fact that, ordinarily, the deceased and the train men were engaged in distinct lines of employment.

By the use of the phrase "was not associated with said train crew in the same line of employment, either at the time of the injury or at any other time," it seemed to ignore the real point under investigation, viz.: Whether at the time of the injury they were so co-operating in a particular business, for a common master, as to bring them within the rule. The term

C. & A. R. R. Co. v. Kelly.

"same line of employment," as applied to the facts was, no doubt, understood by the jury to refer to the particular thing one set of men were doing as distinguished from the particular thing the other set were doing, i. e., the train men were switching, the track men were loading a car.

The point to be considered was rather, whether the two sets of men so working at their respective duties, and necessarily more or less in the way of, and crossing the lines of each other were, or were not so co-operating as to become fellow-servants in the sense of that term as here used.

We think the jury were probably misled by this instruction, and that the error is of sufficient importance to warrant a reversal of the judgment.

It is urged that the court erred in refusing to consider more than twenty instructions for defendant.    The statute requiring the court to mark "given" or "refused" upon the instructions asked by each party, implies that the court shall first examine before so marking them, and it must also be implied that only a reasonable number shall be presented for consideration.

The law designs that instructions shall be so accurate and appropriate as to aid the jury in reaching a proper verdict. It was not designed that a party, by asking an unreasonable number, might compel the court either to pass upon them without due consideration or suspend the trial until such consideration could be had.    To prevent abuse of this right, and perversion of the law, the court may, in its discretion, place a limit upon the number it will consider, as it may upon the number and length of addresses to the jury and upon the number of witnesses to be heard and the extent of their examination upon each branch of the case; and as it may, in general, make such rules and limitations as are necessary to the proper and orderly dispatch of business.

What that limit shall be must depend upon circumstances. It should not be unreasonable nor without due notice.    We can not say the discretion was improperly exercised in the present instance.

A majority of the court hold also there was no substantial

error in the ruling upon certain questions put to jurors as to how they would be inclined to decide the case if the evidence were equally balanced and that such a question should be accompanied by a statement of the legal rule involved. The remaining points, as to the admission of testimony that a minor son of deceased is a cripple, the testimony of experts, the impeaching testimony and that the damages are excessive, are overruled.

The condition of the son might be considered in determining the extent of support necessarily required during minority and perhaps afterward.

The expert testimony was relevant and tended to throw light upon an important point in issue, and the impeaching testimony was sufficiently within the range of the questions put to the witness sought to be impeached. The damages, while fully as high as warranted by the evidence, do not appear to us so high as to call for unfavorable comment.

For the giving of the 7th instruction the judgment will be reversed and the cause remanded.

*Reversed and remanded.*